1  Michael A. Maxey Jr. (SBN 221732)
   HEALTHSOURCE GLOBAL STAFFING, INC.
2  39270 Paseo Padre Parkway, #138
   Fremont, CA  94538
3  Telephone:  (800) 458-8973, ext. 2315
   Facsimile:   (866) 908-2916
4  MichaelM@HealthSourceGlobal.com

5  *Attorney for Defendant HealthSource
   Global Staffing, a California Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Joyce McCray-Key, individually, and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>Healthsource Global Staffing, and Does 1 through 100,<br><br>Defendants. | Civil Action, File No.:  4:14-cv-02122- JSW<br><br>**STIPULATION AND [PROPOSED] ORDER TO ARBITRATE CLAIMS, DISMISS CLASS ACTION AND REMAND INDIVIDUAL CLAIMS**<br><br>Class Action<br><br>Date:<br>Time:<br>Courtroom:<br><br>Electronic Court Filing |
|---|---|

WHEREAS, Plaintiff Joyce McCray-Key ("Plaintiff") filed this class action in the Superior Court of the State of California, County of Alameda on March 10, 2014;

WHEREAS, this case was removed the United States District Court, Northern District of California, on May 8, 2014,

WHEREAS, Plaintiff has received information and documents through informal discovery, including receiving her personnel records, and performed a preliminary analysis of the claims made in the class action filed;

WHEREAS, Plaintiff and Defendant HealthSource Global Staffing, Inc. ("HealthSource")

have discussed alternative methods of resolving the dispute in the most economic and efficient manner for the parties and the judicial systems in this case and agree this Stipulation and Proposed Order is a fair, reasonable and adequate manner in which to proceed with the claims in this case;

WHEREAS, pursuant to employment agreements the parties entered into, Plaintiff is willing to arbitrate all of her claims in one arbitration, except one, which is her individual claims relating to her September 2011;

WHEREAS, HealthSource has not admitted any fault, intends to vigorously dispute all of Plaintiffs' claims, and has not made any agreement, impliedly or expressly, to settle Plaintiff's claims – individually, or on behalf of the putative class – in exchange for a money;

WHEREAS, this Stipulation is the extent to which HealthSource and Plaintiff have made any agreement regarding this case and no separate settlement agreement exists;

WHEREAS, based on information Plaintiff has received through the litigation process to date, such as from declarations offered in support of HealthSource's petition to compel arbitration, including, that numerous other employees entered into agreements containing arbitration provisions at the same time and for the same five assignments that Plaintiff worked for HealthSource, Plaintiff believes that a class action may not be appropriate at this time;

WHEREAS, if the Court enters the attached Order based upon this Stipulation, Plaintiff is willing not to pursue and will not pursue, voluntarily participate in or be a representative in any class or collective action claims, including, but not limited to, any potential claims under the California Private Attorney General Act of 2004, based upon any claims that have or may have arisen against HealthSource to date;

WHEREAS, based on the above information, Plaintiff and HealthSource agree that this Stipulation and Order, should it be adopted by the Court, would be the best course for the claims of this case at this stage based on the anticipated complexities, expenses and likely duration of litigation in comparison to any potential recovery;

WHEREAS, upon the filing of this Stipulation signed by the parties, HealthSource requests that the pending Petition to Compel Arbitration and to Dismiss Entire Action be taken

off-calendar without prejudice to re-filing it in the event that the Court does not approve this Stipulation and Order;

WHEREAS, because of this Stipulation, neither party shall be deemed to be the prevailing party with respect to the resolution of the pending Petition to Compel Arbitration and to Dismiss Entire Action pursuant to this Stipulation and Order.

NOW, THEREFORE, Plaintiff, individually, and on behalf of other similarly situated persons, on the one hand, and HealthSource, on the other hand, AGREE, STIPULATE AND JOINTLY MOVE the Court to:

1. Except for plaintiff's individual claims made relating to her assignment in September 2011, compel Plaintiff to arbitrate, in one arbitration, all of her claims against HealthSource that have arisen to date, including those relating to assignments she worked for HealthSource that started in or about December 2011, April 2012, June 2012 and October 2012;

2. Dismiss the class claims in the present action without prejudice;

3. Remand Plaintiff's individual claims, pertaining to her assignment in or about September 2011, to the Superior Court of the State of California, County of Alameda;

4. Order Plaintiff not to seek, pursue, voluntarily participate in or be a representative in any class or collective action claims, including, but not limited to, any potential claims under the California Private Attorney General Act of 2004, based upon any claims that have or may have arisen against HealthSource to date; and

5. Order Healthsource to refrain from seeking arbitration of any claims related to Plaintiff's September 2011 assignment as long as Plaintiff maintains that action as an individual claim.

Dated: August 7, 2014

        HEALTHSOURCE GLOBAL STAFFING, INC.

        By:  /S/ Michael A. Maxey Jr.
             Michael A. Maxey Jr., Esq.
             39270 Paseo Padre Parkway, 138
             Fremont, CA  94538

1  Dated: August 7, 2014
2                                   THE BLANCHARD LAW GROUP

3                                   By: /S/ Lonnie C. Blanchard, III.
                                        Lonnie C. Blanchard, III., Esq.
4                                          3311 East Pico Boulevard
                                        Los Angeles, CA 90023
5                                          ATTORNEY FOR PLAINTIFF JOYCE MCCRAY-
                                        KEY, INDIVIDUALLY AND ON BEHALF OF
6                                          OTHER SIMILARLY SITUATED PERSONS

7  Dated: August 7, 2014
8                                   THE DION-KINDEM LAW FIRM

9                                   By: /S/ Peter R. Dion-Kindem
10                                     Peter R. Dion-Kindem, P.C.
                                    21550 Oxnard Street, Suite 900
11                                     Woodland Hills, California 91367
                                    Peter R. Dion-Kindem
12                                     ATTORNEY FOR PLAINTIFF JOYCE MCCRAY-
                                    KEY, INDIVIDUALLY AND ON BEHALF OF
13                                     OTHER SIMILARLY SITUATED PERSONS

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

The Court has considered the above Stipulation, and finds that it is in the interests of all parties and in the service of judicial economy that the claims presently asserted by Plaintiff Joyce McCray-Key ("Plaintiff"), individually, and on behalf of other similarly situated persons, for failure to pay compensation, meal and rest period violations, waiting time wages, wage statement and recording violations, and violation of California Business and Professions Code section 17203, should not continue as a class action.

It is therefore ORDERED that:

1. Except for her individual claims made relating to her assignment in September 2011, Plaintiff shall arbitrate, in one arbitration, all of her claims against HealthSource that have arisen to date, including those relating to assignments she worked for HealthSource that started in or about December 2011, April 2012, June 2012 and October 2012;
2. The class claims in the present action are dismissed without prejudice;
3. Plaintiff's individual claims pertaining to her assignment in or about September 2011, are remanded to the Superior Court of the State of California, County of Alameda;
4. Plaintiff shall not seek, pursue, voluntarily participate in or be a representative in any class or collective action claims, including, but not limited to, any potential claims under the California Private Attorney General Act of 2004, based upon any claims that have or may have arisen against HealthSource to date; and
5. Healthsource shall not seek arbitration of claims related to plaintiff's September 2011 assignment as long as plaintiff maintains her state court action as an individual claim pertaining only to that assignment.

IT IS SO ORDERED THIS  11  day of August, 2014.

_____
Hon. Jeffrey S. White
United States District Judge

-5-
STIPULATION AND [PROPOSED] ORDER TO ARBITRATE CLAIMS, DISMISS CLASS ACTION AND REMAND INDIVIDUAL CLAIMS        4:14-cv-02122-JSW